UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRUCE ALTENBURGER,

               Petitioner,

-against-

FEDERAL BUREAU OF PRISONS,

               Respondent.

1:24-cv-02966-ALC

ORDER

**ANDREW L. CARTER JR., United States District Judge**:

On April 1, 2024, Petitioner Bruce Altenburger commenced this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is Petitioner's motion for appointment of counsel. ECF No. 12. For the reasons set forth below, Petitioner's motion for appointment of counsel is DENIED.

## DISCUSSION

There is no constitutional right to representation by counsel in habeas corpus proceedings. *Green v. Abrams*, 984 F.2d 41, 47 (2d Cir. 1993) (*citing United States ex rel. Wissenfeld v. Wilkins*, 281 F.2d 707, 715 (2d Cir. 1960)); *see also De la Cruz v. Warden, Clinton Correctional Facility*, No. 97 CIV. 3307, 1998 WL 901724, at *1 (S.D.N.Y. Dec. 28, 1998). The Court may appoint counsel when "the interests of justice so require." 18 U.S.C. § 3006(A)(a)(2). "In determining whether to grant discretionary appointment of counsel, courts in this circuit have looked to such factors as the petitioner's likelihood of success on the merits, the complexity of the legal issues raised by the petition, and the petitioner's ability to investigate and present the case." *Gonzales v. New York,* No. 05 Civ. 9028, 2006 WL 728482, at *1 (S.D.N.Y. Mar. 21, 2006).

Where an evidentiary hearing is unnecessary, the question of whether to appoint counsel to represent a *pro se* habeas petitioner rests in the court's sound discretion, *U.S. ex rel. Cadogan v. LaVallee*, 502 F.2d 824, 826 (2d Cir. 1974) (citation omitted), and such application should ordinarily be denied. *Adams v. Greiner*, No. 97-CIV.-3180, 1997 WL 266984 (S.D.N.Y. May 20, 1997) (where "case may fairly be heard on written submissions, the appointment of counsel is not warranted"); *De la Cruz*, 1998 WL 901724 at *1 (citations omitted).

Upon review of the entire record in this action, the Court finds that appointment of counsel on behalf of Petitioner is unwarranted. Defendants argue that the Petitioners did not make any attempt to exhaust their First Amendment retaliation claims, and there is no indication in BOP records that these claims were exhausted. ECF No. 9. "Before an inmate can seek relief pursuant to § 2241," however, the inmate "must exhaust all relevant administrative remedies." *United States v. Lopez*, No. 20 CR. 230 (JFK), 2022 WL 2340430, at *2 (S.D.N.Y. June 29, 2022). Therefore, Petitioner's motion for appointment of counsel is denied.

## CONCLUSION

For the reasons set forth above, Petitioner's motion for appointment of counsel is **DENIED**. The Clerk of Court is hereby directed to terminate ECF No. 12.

**SO ORDERED.**

**Dated:** March 10, 2025
　　　　New York, NY

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　**ANDREW L. CARTER, JR.**
　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**